UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BRUCE ALLUMS,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>  Defendant. | Case No.  22-cv-00976-JD<br><br>**ORDER RE DISMSISAL**<br><br>Re: Dkt. No. 8 |

Pro se plaintiff Dennis Allums has alleged one claim under 42 U.S.C. § 1983 against defendant City and County of San Francisco relating to an incident in January 2020. Dkt. No. 1-1 at ECF p. 5. Allums says he tried to report a concern about "endangerment of a black child" to an SFPD officer, and that the officer was dismissive and declined to open an investigation. *Id*. at ECF pp. 5-6. Allums believes this was motivated by discrimination against him as an African American. *Id*. at ECF p. 6.

San Francisco has asked to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 8. Dismissal is granted.

As a pro se plaintiff, Allums gets a liberal construction of his complaint and the benefit of any doubts, but he still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim. *Nguyen Gardner v. Chevron Capital Corp.*, No. 15-cv-01514-JD, 2015 WL 12976114, at *1 (N.D. Cal. Aug. 27, 2015). The complaint alleges a single incident of unconstitutional conduct, which is not enough to plausibly state a Section 1983 claim against San Francisco. *See Escobar-Lopez v. City of Daly City*, 527 F. Supp. 3d 1123, 1127-29 (N.D. Cal. 2021). In addition, Allums attached an SFPD incident report to the complaint, which the Court

1  may consider in the Rule 12(b)(6) context. *See Washington v. Moore*, Case No. 3:18-CV-06728-JD, 2020 WL 1082552, at *1 (N.D. Cal. Mar. 6, 2020). The report states that Allums told the officer that he had seen "'darkness and then light' coming from the child" who was the subject of Allum's concerns, and that the child was "flirtatious" with him. Dkt. No. 1-1 at ECF p. 12. This record further undermines the plausibility of the Section 1983 claim.

Although it is the Court's practice to liberally grant leave to amend, especially in pro se cases, amendment here is not warranted. Allums filed the complaint in February 2022, two years after the January 2020 incident, and was not able to include any facts that might plausibly allege a pattern, policy, or practice for Section 1983 purposes. The SFPD incident report provides additional grounds for concluding that amendment would be futile. Consequently, the complaint is dismissed with prejudice. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citation omitted). The case is ordered closed, and no further filings will be accepted without prior approval by the Court.

**IT IS SO ORDERED.**

Dated: May 26, 2022

JAMES DONATO
United States District Judge

2